CONTINENTAL SOUTHERN LINES *v.* MOSES.

5-3665                                                   395 S. W. 2d 20

Opinion delivered November 1, 1965.

*Warren & Bullion,* for appellant.

*Howell, Price & Worsham,* for appellee.

FRANK HOLT, Associate Justice. Appellee brought this action to recover damages allegedly sustained in a collision between his automobile and a bus belonging to appellant, a foreign corporation. This incident occurred in Memphis, Tennessee. A jury awarded damages in the sum of $10,000.00 to the appellee who had only sued for $9,999.00. Upon a remittitur of $1.00 being entered, a judgment was accordingly rendered against the appellant from which this appeal is brought.

At the time of the accident in 1963 appellee suffered from a slipped disc due to an injury in 1959. According to his evidence, by 1960 he had recovered to the extent that his physical activities were largely unimpaired. As a traveling salesman he was servicing his entire sales territory which consisted of parts of five states. As a result of the injuries received by him in the 1963 accident, his physical condition required him to reduce his territory to such an extent that his gross income was reduced by $2,000.00 per year and that his pre-existing disability has increased approximately 10%.

For reversal appellant contends the court erred in giving appellee's instruction #4 relating to aggravation of a pre-existing injury. The instruction reads as follows:

"If you find that the plaintiff is entitled to recover you are instructed that if you find from a preponderance of the evidence that the plaintiff received injuries which aggravated a condition or conditions from which he was suffering and that such injuries, if any, from which he was suffering or to which he was predisposed, if any, excited or caused the condition from which he now suffers, if you find he is suffering disability, then he is entitled to recover to the full extent of whatever you find his injury so received to warrant, notwithstanding the fact that you may find he was suffering from some abnormalities prior to the injuries sustained by him."

Appellant objected generally and specifically contending that the instruction was ambiguous, confusing, misleading, and an incorrect statement of the law. We agree with the appellant. This instruction can be construed to

tell the jury that if it finds the pre-existing condition of appellee's health caused the condition from which appellee now suffers, without considering any subsequent injury from the accident complained of, then the jury could compensate appellee to the full extent of his present disabilities.

A clear and concise statement of the law as to the aggravation of a pre-existing condition is stated by us in *Owen* v. *Dix*, 210 Ark. 562, 196 S. W. 2d 913, where we said:

"The rule appears to be well settled that when a defendant's negligence aggravates, or brings into activity, a dormant or diseased condition or one to which the injured person is predisposed, the defendant is liable to the injured person, for the full amount of the damages which ensue, notwithstanding such diseased or weakened condition."

Appellee's instruction #4 incorrectly presented the applicable law to the jury concerning the aggravation of a pre-existing physical condition.

Appellant also contends the court erred in giving appellee's instruction #5 to which appellant made general and specific objections. This instruction relates to the measure of appellee's permanent and future damages. Since we hold that the giving of appellee's instruction #4 constituted reversible error it is unnecessary for us to discuss any defectiveness of instruction #5. The subjects of both instructions are now covered by our recently adopted Arkansas Model Jury Instructions [AMI]. Therefore, the issues presented to us by instructions 4 and 5 should not arise again upon a retrial of this cause.

Appellant's final contention for reversal is that the jury verdict was contrary to the evidence. There was evidence presented by the appellee that he was proceeding in his proper lane of traffic and the driver of the bus negligently pulled in front of appellee's vehicle causing the accident and resulting in his personal injuries and property damage. Appellant contended to the contrary

that appellee's injuries resulted from the negligent manner in which he was driving when following the bus. We think there was ample evidence to support appellee's theory of the accident in the event the jury chose to believe his evidence.

The judgment is reversed and the cause remanded.